# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KRISTY J. DOWNING,

                    Plaintiff,                              **Case No. 2:12-cv-15236**

v.

                                                           *To be assigned*

HON. PATRICK J. DUGGAN

                    Defendant.                             **Jury Trial**


_____/


KRISTY J. DOWNING (P 67122)
172 Carson Dr.
Westland, Michigan 48185
(248) 982-3925

PATRICK J. DUGGAN
18917 Monica Dr.
Clinton Township, Michigan 48036-2168
P (506) 468-2183


_____/


## COMPLAINT

## Parties

1.      Plaintiff, Kristy J. Downing, resides in Westland, Michigan in the County of Wayne.

2.      Defendant, Patrick J. Duggan, hereinafter referred to as "Defendant," resides in Clinton Township, Michigan.

## Jurisdiction and Venue

3.      Venue is proper in the federal courts for the State of Michigan because the relevant events occurred within the State of Michigan.  Jurisdiction is also proper in the federal courts for the State of Michigan at least under U.S. CONST. ART. 3 and 28 U.S.C. § 1331.

## Summary of Facts Nature of the Complaint

4.      Between March of 2010 and May of 2011, Defendant presided over a pending litigation *Downing v. Lifetime Fitness*, 2:10-cv-11037.  *Downing v. Lifetime Fitness* is a litigation that began in small claims court for the State of Michigan.  The original complaint was filed on November 20, 2009.  The original complaint was amended on January 07, 2010 to include federal claims.  Exhibit A (Amended Complaint in *Downing v. Lifetime Fitness*).  Those federal claims included but were not limited to claims of racial and sex harassment and discrimination.  Exhibit A, para 14-16.

5.      On January 18, 2010, Lifetime Fitness answered Plaintiff's amended complaint. Exhibit B (Answer to Amended Complaint in *Downing v. Lifetime Fitness*).

6.      Lifetime Fitness thereafter terminated Plaintiff's membership in retaliation for Plaintiff's lawsuit on February 17, 2010.  Exhibit C (Lifetime Fitness termination letter). Lifetime's termination letter coincided with Plaintiff's attendance to a hearing for Plaintiff's

motion to amend the complaint.  Exhibit D (hearing transcript for *Downing v. Lifetime Fitness* in 35th District Court for the State of Michigan).

7.     The same week Plaintiff moved for a preliminary injunction.  Exhibit E, 35th District Court Register of Actions.  The case was then transferred to Third Circuit Court for the State of Michigan.  *Id.*  Plaintiff re-filed a motion for preliminary injunction in circuit court.  On March 15, 2010, Lifetime Fitness filed a motion to remove the litigation to federal court before Plaintiff's motion for preliminary injunction could be decided in state court.

8.     Defendant was awarded the case when it was removed to federal court.  Plaintiff, noticing that the removal was untimely, filed a motion to remand the action back to state court.  Pursuant to 28 U.S.C. §1446(b) Defendant was without removal jurisdiction because Lifetime had filed a notice to remove more than 30 days from receipt of Plaintiff's Amended Complaint.  Still, Defendant denied Plaintiff's motion to remand and continued to preside over the matter without removal jurisdiction.

9.     On August 05, 2010, Plaintiff once again moved for a preliminary injunction to restore the pre-litigation *status quo* in *Downing v. Lifetime Fitness*.  *D v. LTF* Case Doc 22.  Defendant, however, denied Plaintiff full and fair consideration of the law and facts ultimately denying Plaintiff a preliminary injunction.  Exhibit G.

10.     Relying in-part on a misconstruction of laws and facts in his preliminary injunction order, Defendant followed the same suit in granting Lifetime's motion for summary judgment with respect to every single claim Plaintiff filed.  Exhibit H.

11.     Plaintiff was not prepared to argue summary judgment at least because Lifetime had acted unfaithfully in producing its share of information during discovery.  *D v. LTF* Case Doc 115.  Lifetime's hide-the-ball tactics included fabricating a story that one of its employees

was unavailable for deposition.  Fifty four days before Defendant decided summary judgment, Plaintiff objected to the magistrate's order denying Plaintiff's motion to compel with respect to Lifetime's employee Sandy Schmidt.  *Id.*  Plaintiff also filed a motion for stay of summary judgment until the witness was produced.  *Id.*  Defendant abandoned equity, good reasoning and all sense of fairness to deny Plaintiff's motions in this regard as well, thus shielding Lifetime from its discovery obligations in *Downing v. Lifetime*.

12.     In sum, because Plaintiff's claims alleged race and sex discrimination Defendant manufactured removal jurisdiction and ignored Plaintiff's valid contest of the same thus notifying Defendant that removal was improper, only to thwart Plaintiff's ability to obtain a preliminary injunction, decent discovery, unbiased interpretation of the facts and any sort of just resolution of the matter.

13.     Throughout the course of the litigation Defendant knowingly made incorrect factual statements regarding *Downing v. Lifetime*.  Those factual inaccuracies favored Lifetime and disfavored Plaintiff.  Said inaccuracies, for example, include whether or not Plaintiff was arrested for trespass for the second time on February 27, 2010, which never occurred.  On February 27, 2010, Canton Police refused to pursue Lifetime's trespass request based on a false advertisement one of Lifetime's employees sent Plaintiff via e-mail and an appointment he'd made with Plaintiff over the phone the day before to discuss membership promotions Lifetime was having.  On March 12, 2010, in response to another one of Lifetime's false advertisements, Plaintiff was arrested for trespass for a second time after flagging down the police while leaving the building and, of course, Plaintiff had never been asked to leave by that police officer.  Defendant did so, in-part, to conceal the abusive behavior of Lifetime and its agents.  Exhibit G, page 6; Exhibit H, page 6.

14.     Defendant also refused to consider facts in his decision on summary judgment. Plaintiff submitted Plaintiff's Memorandum on Defendant' Fitness Exams in opposition to Lifetime's motion for summary judgment.  Instead of considering the contents of Plaintiff's Memorandum, Defendant refused to consider it citing FRE 701.  Plaintiff's Memorandum indicated the availability of admissible evidence and Lifetime never made a Fed. R. Civ. P. 56(c) objection to its consideration.  Exhibit H, pgs. 14-15.

15.      Throughout the course of the litigation Defendant also knowingly and condescendingly made incorrect legal statements regarding *Downing v. Lifetime*.  Those legal inaccuracies favored Lifetime and disfavored Plaintiff.  Said inaccuracies, for example, include Defendant's fabrication of removal jurisdiction in *Downing v. Lifetime Fitness*.  Ex. F.

- **Removal Jurisdiction Did Not Exist in *Downing v. Lifetime Fitness***

16.     Insanely enough, section 1446 of the 28th Code provides procedures for removal:

> **Procedure for removal**
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ...
>
> (3) []if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days **after receipt** by defendant, through service or otherwise, of a **copy of an amended pleading**, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable.

(2002)(emphasis added).

17.     The central purpose of the 30-day time constraint is so that a defendant has adequate access to a removable complaint so as to have an opportunity to ascertain whether the case is of the nature that can be heard in federal court.  *See e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).  It is without reasonable question that Lifetime

Fitness had an opportunity to appreciate this characteristic in *Downing v. Lifetime Fitness* after it received Plaintiff's Amended Complaint at least because Lifetime answered the Amended Complaint on January 18, 2010.  Exhibit B.  Thus, at least at that time Lifetime had performed its due diligence on the Amended Complaint assessing each new claim and its implications on federal question jurisdiction.  Moreover, Lifetime's counsel indicated that it was of the impression that the Amended Complaint had already been filed weeks prior to the date of the hearing on Plaintiff's motion to amend.  Exhibit D.

18.     During the February 17, 2010, hearing on Plaintiff's Motion to Amend her Complaint, Defendant literally characterized said motion to amend as being "ultimately… futile."  Exhibit D – Transcript from 35th District Court, pp3-4.

> The Court:     So, Counsel, do you got an objection in allowing the Plaintiff to amend her complaint?
>
> Mr. Kostello:   Uh, no, Your Honor, frankly, we were, it was our understanding the amended complaint had already been filed.  And, it looks like it has.  So, based –
>
> The Court:     I've read it today, um, before I figured out that there was a hearing on whether we were going to allow an amended complaint.  So, I have – it makes sense just to allow the amended complaint, and I will.
>
> Mr. Kostello:   That's fine.  My only objection would be that it's ultimately going to be futile, but, for the purpose of today, that's fine, Your Honor.

On February 17, 2010, 31 days after it *answered* Plaintiff's amended Complaint, Lifetime stated that it was of the understanding that "the amended complaint had already been filed," yet it had not removed the action.

19.     Defendant in his removal order made it appear that Lifetime had been waiting for grant of Plaintiff's motion to amend to remove the case to federal court.  Ex. F, p 2.  However, this is untrue and irrelevant.  First Lifetime's counsel's statements clearly indicate that Lifetime

was of the impression that the Amended Complaint was filed as it was on January 07, 2010.

Exhibit D.  Even if the Amended Complaint was not filed, which it had been, it constituted an

"other paper" that would have indicated the removability of the case to federal court on the date

of its receipt by Lifetime – January 08, 2010.  28 U.S.C. § 1446(b)(3).  Thus receipt of the

Amended Complaint tolled removal.  This was also discussed during oral arguments for

Plaintiff's motion to remand but ignored by Defendant.

20.     Defendant's Order on remand condescendingly cites inapplicable/distinguishable

cases.   Ex. F (Opinion) at 2. *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 409-

410 (6th Cir. 2008)(separate complaints were filed to avoid federal question jurisdiction not give

notice of the same; the court explicitly states that the opinion is limited to circumstances where

complaints are separately filed to avoid damages amounts that in the aggregate would create

federal question jurisdiction); *Stuart v. Vill. Of New Haven*, 2009 U.S. Dist. LEXIS 109499 (E.D.

Mich 2009)(where the state law claims were remanded thus remand was supported and an

amended complaint that was not filed or served until *after* the motion to amend was granted);

and *May v. J.D. Candler Roofing Company*, Inc., 2005 U.S. Dist. LEXIS 43128 (E.D. Mich.

2005)(Plaintiff's motion to remand was actually granted, thus remand was supported, based on

deposition testimony and complaint filings that gave Defendant sufficient notice of the

removability of the claims before the contested order granting Plaintiff's motion to amend).

### Claim 1 – Plaintiff's Due Process and Free Speech Entitlements under the U.S. Constitution Were Offended by Judge Duggan's Orders in *Downing v. Lifetime Fitness*

21.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 20 of this

Complaint.

22.    Defendant did violate Plaintiff's rights to Due Process under the Fourteenth Amendment of the U.S. Constitution in *Downing v. Lifetime Fitness* at least in violation of 42 U.S.C. §1983 (1871).

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

23.    Also, in considering the content of Plaintiff's claims in *Downing v. Lifetime* and allowing the type of claim to govern the manner with which he adjudicated the case Defendant did violate Plaintiff's rights to Free Speech under the First Amendment of the U.S. Constitution in violation of 42 U.S.C. §1983 (1871)("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances").

## Claim 2 – Plaintiff's Due Process and Free Speech Entitlements under the Michigan Constitution Were Offended by Judge Duggan's Orders in *Downing v. Lifetime Fitness*

24.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 23 of this Complaint.

25.    Defendant did violate Plaintiff's rights to Due Process under Article I, § 17 of the Michigan Constitution in *Downing v. Lifetime Fitness*.  Mich. Const. Art. I, § 17 (1963)

> No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law. The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed.

26.    Also, in considering the content of Plaintiff's claims in *Downing v. Lifetime* and allowing the type of claim to govern the manner with which he adjudicated the case Defendant

did violate Plaintiff's rights to Free Speech under Article I, § 5 of the Michigan Constitution. Mich. Const. Art. I, § 5 (1963)("Every person may freely speak, write, express and publish his views on all subjects, being responsible for the abuse of such right; and no law shall be enacted to restrain or abridge the liberty of speech or of the press.").

### Claim 3 – Intentional and Reckless Infliction of Emotional Distress

27.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 26 of this Complaint.

28.     By manufacturing removal jurisdiction and ignoring Plaintiff's valid contest of the same, thwarting Plaintiff's ability to obtain a preliminary injunction, decent discovery, unbiased interpretation of the facts and any sort of just resolution of the matter Defendant engaged in extreme and outrageous conduct that was intended to cause Plaintiff severe emotional distress. *Atkinson v. Farely*, 171 MichApp 784, 788, 431 NW2d 95 (1988); *See also Dickerson v. Nichols*, 161 MichApp 103, 409 NW2d 741 (1987)(incorporating Restatement (Second) of Torts §46).

### Jury Demand

29.     Plaintiff respectfully demands a trial by jury on all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this court grant the following relief:

1.     Re-open *Downing v. Lifetime* for trial on the merits with respect to all of Plaintiff's claims in *Downing v. Lifetime*.

2.     Order Defendant to order the deposition of Lifetime Fitness' employee Sandy Schmidt in *Downing v. Lifetime*.

3.      Order Defendant to consider at-trial opinion evidence as expressed in Plaintiff's

Memorandum on Defendant' Fitness Exams.

4.      Award Plaintiff with actual and enhanced damages for injuries caused by

Defendant's actions pursuant to the above-stated state and federal laws.

5.      Award reasonable attorneys' fees and costs, pursuant to the above-stated state and

federal laws.

6.      Award Plaintiff such additional relief as the interest of justice requires.


**Dated this Thursday, November 29, 2012**

Respectfully submitted,


*/s/Kristy Joi Downing_____*
Kristy J. Downing, Esq. (P 67,122)
172 Carson Dr.
Westland, Michigan 48185
P 248.982.3925
F 248.348.5760
Kristy@kjdowninglaw.com